Thomas ERTELT, Petitioner and Appellant,

v.

NORTH DAKOTA DEPARTMENT OF TRANSPORTATION, Respondent and Appellee.

Civ. No. 920114.

Supreme Court of North Dakota.

Nov. 5, 1992.

---

Robin L. Olson, of Nelson Law Office, Fargo, for petitioner and appellant.

Michele G. Johnson, Asst. Atty. Gen., Bismarck, for respondent and appellee.

VANDE WALLE, Justice.

Thomas Ertelt appealed from a district court judgment which affirmed a decision of the Department of Transportation [Department] indefinitely suspending Ertelt's driving privileges until he files proof of financial responsibility pursuant to § 39–16–05, N.D.C.C. We reverse and remand for further proceedings.

On June 2, 1991, Ertelt was charged with actual physical control of a motor vehicle while under the influence of alcohol. After

a July 3, 1991, hearing, the Department suspended Ertelt's driver's license for 91 days. The hearing officer's findings of fact in that decision reveal the following scenario.

While investigating a hit and run two-car accident, the arresting police officer followed a trail of discharged car fluid to a residence a few blocks from the scene of the accident and discovered a damaged Cadillac. The pattern of damage to the Cadillac matched the damage to the other vehicle. While the officer continued his investigation, Ertelt drove up to the residence in a Chrysler and parked. Ertelt denied any connection with the Cadillac. The officer then questioned the people who lived at the residence and learned that the Cadillac was owned by Ertelt's brother, that the Chrysler was owned by one of the residents, and that the Chrysler was not parked in its usual spot. The officer later found Ertelt lying on the grass in the back yard and eventually charged Ertelt with actual physical control of the Cadillac. The district court affirmed the Department's decision suspending Ertelt's license and Ertelt did not appeal.

Later in July 1991, the Department issued to Ertelt a notice of intent to suspend his driving privileges indefinitely for failure to file a statement of financial responsibility with the Department concerning the Cadillac involved in the hit and run accident.[1] Ertelt requested a hearing on the matter.

In a letter to Ertelt accompanying the notice of hearing, the hearing officer stated that "[o]ur records show ... that you were involved in a motor vehicle accident on June 2, 1991 ... and the vehicle you were driving was not covered by liability insurance at that time." The hearing officer further informed Ertelt that his license would be suspended until: (1) the damages of the other party were paid in full; or (2) he filed an SR–22 insurance form showing that he was insured; or (3) he filed a highway department release form from others involved in the accident releasing him from

liability; or (4) he "deposit $1,000.00 security to the North Dakota State Treasurer (the estimated damages to the other vehicle in your accident) until the matter is resolved in the court...."

The hearing officer further informed Ertelt that among the issues to be considered at the hearing was "[w]hether the accident resulted in bodily injury or death, or damage to the property of any one person in excess of the amount specified ($400) in North Dakota Century Code section 39–16–05," and "[w]hether the accident involved circumstances to which the financial responsibility requirements and suspension do not apply." *See* § 37–03–05–03, N.D.Adm.Code.

The hearing was held on July 24, 1991, before the same hearing officer who presided at the July 3 hearing. Ertelt, who was the only witness at the hearing, testified that he was not driving the Cadillac at the time of the accident and that he did not own the car. The hearing officer offered and admitted in evidence a copy of her previous July 3 findings, conclusions, and decision suspending Ertelt's driving privileges for actual physical control. Ertelt objected to its admission on grounds of "foundation" and "fundamental fairness," arguing that the hearing officer was "serving both as prosecutor and judge." The hearing officer also offered and admitted in evidence the arresting officer's "motor vehicle crash report," a form apparently provided to the officer by the Department's driver's license and traffic safety division. The crash report listed the "damage amount" for the "striking unit," *i.e.*, the Cadillac, as "$1,000.00." The crash report listed the "damage amount" for the "other unit" as "1,000.00." The crash report also contained a "three-stage crash diagram" and an "officer's narrative" describing the accident. Ertelt objected to the admission of the crash report on the grounds of hearsay, lack of foundation, and failure of the officer who composed the report to be present at the hearing.

**1.** Ertelt contends the notice was generated by the same hearing officer who presided over the July 3 hearing. This notice is not part of the record.

The hearing officer determined that "[t]he records and exhibits of the Department ... prove by a preponderance of the evidence that [Ertelt] has failed to file proof of financial responsibility," and indefinitely suspended Ertelt's license "until proof of financial responsibility has been appropriately filed with the Department...." The district court affirmed the Department's decision, and this appeal followed.

The dispositive issue in this case is whether the hearing officer committed reversible error in admitting the crash report in evidence over Ertelt's objection.

■ Absent a specific oral or written waiver of their applicability, the North Dakota Rules of Evidence govern the "admissibility of evidence in any proceeding before an administrative agency...." Section 28–32–06(1), N.D.C.C. The record in this case does not show any waiver. The arresting officer's crash report constituted hearsay [*see* Rule 801, N.D.R.Evid.], and was inadmissible unless it fell within an exception to the hearsay rule [*see* Rule 802, N.D.R.Evid.]. Rule 803(8), N.D.R.Evid., provides in part:

"The following are not excluded by the hearsay rule, even though the declarant is available as a witness:

\*   \*   \*   \*   \*   \*

"*(8) Public Records and Reports.* Records, reports, statements, or data compilations, in any form, of public offices or agencies, setting forth ... (iii) in civil actions and proceedings and against the State in criminal cases, factual findings resulting from an investigation made pursuant to authority granted by law, unless the sources of information or other circumstances indicate lack of trustworthiness."

■ In this case, the arresting officer's crash report constitutes a record or report of a public agency, the Department of Transportation. *See Kobilansky v. Liffrig*, 358 N.W.2d 781 (N.D.1984). The report was offered in an administrative proceeding which is civil in nature. *See Kobilansky, supra.* The arresting officer's damage estimates and description of the accident were factual findings [*see Baker v. Elcona Homes Corp.*, 588 F.2d 551 (6th Cir.1978), *cert. denied*, 441 U.S. 933, 99 S.Ct. 2054, 60 L.Ed.2d 661 (1979); *compare Victory Park Apartments, Inc. v. Axelson*, 367 N.W.2d 155 (N.D.1985) (police report summarizing interrogations did not contain factual findings) ], resulting from an investigation made pursuant to authority granted by law [*see* § 39–08–10, N.D.C.C.]. Unless sources of the information in the report or other circumstances indicated a lack of trustworthiness [*see State v. Manke*, 328 N.W.2d 799 (N.D. 1982) ], the report fell within the hearsay exception to Rule 803(8)(iii).

However, Rule 803(8) further provides that

"factual findings may not be admitted under this exception unless the proponent of them furnishes to a party against whom they are now offered a copy thereof, or of so much thereof as relates to the controversy, sufficiently in advance of its offer in evidence to provide the adverse party with a fair opportunity to prepare to meet them. The adverse party may cross-examine under oath any person making the report or factual findings or any person furnishing information contained therein, but the lack of availability of that testimony does not affect admissibility of the report or factual findings unless, in the opinion of the court, the adverse party is prejudiced unfairly thereby."

■ It is undisputed that the Department did not provide Ertelt with a copy of the crash report prior to the hearing. The Department's failure to provide Ertelt with a copy of the report sufficiently in advance of its offer to provide him a fair opportunity to meet its allegations rendered the report inadmissible under Rule 803(8). Because the crash report was the only evidence at the hearing of the amount of damages to the vehicle,[2] which was an is-

---

**2.** Ertelt's "driving record abstract" was also admitted, over objection, into evidence. Under the heading "accidents" appears the following computer printout:

sue required to be determined in the proceeding [see § 37–03–05–03(1), N.D.Adm. Code], we conclude that admission of the crash report constituted reversible error. We therefore reverse the judgment and remand to the Department for the purpose of conducting a new hearing.

■ Because the issue was raised on appeal and could recur on the new hearing, we make an additional comment. It is well settled that the combination of investigative, accusative and adjudicative functions in one board or person does not in itself result in a due process violation. See, e.g., First American Bank & Trust Company v. Ellwein, 221 N.W.2d 509 (N.D.), cert. denied, 419 U.S. 1026, 95 S.Ct. 505, 42 L.Ed.2d 301 (1974). Nevertheless, the legislature has enacted legislation designed to insulate the adjudicative function from the investigative or accusative functions. Municipal Services Corp. v. State, 483 N.W.2d 560, 566 (N.D.1992) (VandeWalle, J., concurring specially). Section 28–32–12.2, N.D.C.C., was in effect when this hearing was held.

"28–32–12.2. Separation of functions.

"1. No person who has served as investigator, prosecutor, or advocate in the investigatory or prehearing stage of a contested case proceeding may serve as hearing officer.

"2. No person who is subject to the direct authority of one who has served as an investigator, prosecutor, or advocate in the investigatory or prehearing stage of a contested case proceeding may serve as hearing officer.

"3. Any other person may serve as hearing officer in a contested case hearing, unless a party demonstrates. grounds for disqualification.

"4. Any person may serve as hearing officer at successive stages of the same contested case proceeding, unless a party demonstrates grounds for disqualification."

"ACC 1 06/02/91 PROP. DAMAGE FR–RPT 07/21/91 CRASH 068537 DAMAGES 02000 01000"

By enacting legislation which separates an administrative agency's adjudicative, investigative and accusative functions, the legislature clearly intended to remove the appearance of impropriety perceived by individuals involved in the administrative hearing process. See Testimony on House Bill 1194 before the House Judiciary Committee, January 14, 1991.

■ In this case, it is alleged the hearing officer generated the notice of intent to suspend Ertelt's driving privileges indefinitely, upon her personal knowledge of the prior July 3, 1991, proceeding and upon discovery of the arresting officer's crash report. We believe that this conduct would constitute investigatory or prosecutorial activity on the part of the hearing officer at the prehearing stage of the case. See Municipal Services Corp., supra, ["because administrative agencies are given duties to license and regulate they will ordinarily not approach their adjudicative functions without having performed investigative functions...."]. Having served investigative and accusative functions at the prehearing stage, the hearing officer should not serve as the hearing officer for Ertelt's proceeding under § 28–32–12.2, N.D.C.C.

The judgment is reversed and the case is remanded to the Department for a new hearing.

ERICKSTAD, C.J., and LEVINE, MESCHKE and JOHNSON, JJ., concur.

There is no explanation on the record of what any of these figures mean. Absent an explanation, we do not view this as evidence of the amount of damages to the vehicle.