Jeffrey MADISON, Petitioner and Appellant

v.

NORTH DAKOTA DEPARTMENT OF TRANSPORTATION, Respondent and Appellee.

Civ. No. 930078.

Supreme Court of North Dakota.

July 14, 1993.

Robin L. Olson (argued) and Brian W. Nelson, Fargo, for petitioner and appellant.

Michele G. Johnson (argued), Asst. Atty. Gen., Atty. General's Office, Bismarck, for respondent and appellee.

LEVINE, Justice.

Jeffrey Madison appeals from a district court judgment affirming a decision of the North Dakota Department of Transportation (Department) revoking his driving privileges for two years. We reverse.

Fargo police officer Keith Ternes arrested Madison for driving under the influence of alcohol, in violation of Section 39–08–01, NDCC. The Department gave Madison notice of its intent to revoke his driving privileges and Madison requested an administrative hearing. Using its standard form 9343, entitled "Notice of Administrative Hearing Before the NDDOT Director," the Department notified Madison of the date and time of his hearing and the issues to be considered and decided. A preprinted section of form 9343 further advised Madison of the following:

"NOTE: This administrative hearing will be conducted informally, and the rules of evidence applicable to judicial proceedings will be waived. Evidence relevant to a decision on the issues will be re-

ceived from all parties, witnesses will be subject to cross-examination, and all testimony will be under oath and electronically recorded."

At the beginning of his administrative license revocation hearing, Madison objected to the Department's waiver of the Rules of Evidence. The hearing officer overruled the objection, merely stating that: "I would refer then to the Notice of Hearing which does state that ... all the rules of evidence applicable to judicial proceedings will be waived." During the hearing, Madison made only two evidentiary objections. He first objected, on hearsay grounds, to the offer of the arresting officer's "Request And Notice Under Chapter 39–20 N.D.C.C.," an exhibit consisting of the arresting officer's statement of probable cause and other data related to Madison's arrest. The hearing officer overruled the objection. Madison next objected to the form of a question. The objection was sustained and the question was reframed.

At the close of the evidence, the hearing officer ordered revocation of Madison's license. Madison appealed to the Cass County District Court, arguing that the Department's pro forma waiver of the Rules of Evidence constituted a violation of his right to a fair hearing. The district court concluded that "[a] simple statement that the rules of evidence are waived without more does not satisfy [NDCC § 28–32–06]." However, because "the Department's waiver of the rules of evidence [did not] result[ ] in unfair prejudice to [Madison]," the court affirmed the Department's revocation of Madison's driving privileges. Madison appealed.

On appeal, Madison contends that he "was denied a fair hearing because of the [Department's] invalid waiver of the North Dakota Rules of Evidence." He argues that the waiver was invalid, because the Department did not explain why the waiver was necessary. Madison asserts that the Department's unjustified waiver of the Rules of Evidence was inherently prejudicial, because without evidentiary constraints upon, for example, the scope of cross-examination, he was fearful of testifying.

■■■ An appeal from a district court judgment relating to an administrative license revocation under Section 39–20–04, NDCC, is governed by our State's Administrative Agencies Practice Act, Chapter 28–32, NDCC. *E.g., Hammeren v. North Dakota State Highway Commissioner,* 315 N.W.2d 679 (N.D.1982). Under the Act, we review the record of the administrative agency rather than the findings of the district court. *E.g., Bryl v. Backes,* 477 N.W.2d 809 (N.D.1991). We will reverse an agency determination if we find that the provisions of NDCC Chapter 28–32 "have not been complied with in the proceedings before the agency." NDCC § 28–32–19(3); *Estate of Robertson v. Cass County Social Services,* 492 N.W.2d 599 (N.D.1992).

Before it was amended in 1991, Section 28–32–06, NDCC, said, in part:

"The admissibility of evidence in any proceeding before an administrative agency shall be determined, insofar as circumstances will permit, in accordance with the practice in the district court. An administrative agency, or any person conducting an investigation or hearing for it, may waive the usual common-law or statutory rules of evidence if such waiver is necessary to ascertain the substantial rights of all the parties to the proceeding...."

Rule 1101(d)(3), NDREvid, expressly exempts from the North Dakota Rules of Evidence "proceedings conducted in accordance with ... Chapter 28–32, NDCC." Rule 1101(d)(3) was promulgated in 1977 as part of the North Dakota Rules of Evidence. The Rule's express reference to Chapter 28–32 indicates the intent to accommodate Section 28–32–06 and free administrative proceedings from the constraints of the Rules of Evidence. *See Kobilansky v. Liffrig,* 358 N.W.2d 781 (N.D.1984); *Zimney v. North Dakota Crime Victims Reparations Bd.,* 252 N.W.2d 8 (N.D.1977); *Reliance Ins. Co. v. Public Service Comm'n,* 250 N.W.2d 918 (N.D.1977).

However, Section 28-32-06, NDCC, was amended in 1991:

*"The admissibility of evidence in any proceeding before an administrative agency shall be determined in accordance with the North Dakota Rules of Evidence.* An administrative agency, or any person conducting proceedings for it, *may waive application of the North Dakota Rules of Evidence if a waiver is necessary to ascertain the substantial rights of a party to the proceeding,* but only relevant evidence shall be admitted. The waiver must be specifically stated, orally or in writing, either prior to or at a hearing or other proceeding. . . ."

*See* 1991 S.L., Ch. 342, § 7. (Emphasis added).

█ The emphasis has now changed. The amended statute elevates the importance of the Rules of Evidence and explicitly directs their use in administrative proceedings. This represents a sharp divergence from prior law and practice. Now, only a particularized waiver may be relied upon to avoid application of the Rules of Evidence. The new language makes clear that the Rules of Evidence are to be the norm in administrative practice, and that any deviation from that norm must be carefully considered and explained.[1]

█ In this case, the Department did not consider or explain why waiver of the Rules of Evidence was necessary, and no sufficient reason for deviation from the Rules of Evidence is apparent from the record. We conclude, therefore, that the Department's waiver of the Rules of Evidence violated Section 28-32-06, NDCC.

█ The question is whether the invalid waiver prejudiced Madison. Ordinarily, we do not reverse an evidentiary miscue,

particularly, in a nonjury case, when that error causes no prejudice. *Domres v. Backes,* 487 N.W.2d 605 (N.D.1992). Madison's hearsay objection to the admission of the arresting officer's Request and Notice form was correctly overruled under the public records and reports exception to the hearsay rule. NDREvid 803(8); *cf. Ertelt v. North Dakota Department of Transportation,* 491 N.W.2d 736 (N.D.1992). His only other evidentiary objection was sustained. Except for Madison's fear of testifying, it is clear that the Department's waiver of the Rules of Evidence did not otherwise prejudice him.

However, the Department obviously has misread or ignored the amended statute. Its Notice of Hearing form contains a preprinted, blanket waiver of the Rules of Evidence, contrary to Section 28-32-06, NDCC, as amended. The hearing officer perpetuated the institutional non-compliance when she refused to apply the Rules of Evidence simply because the Notice of Hearing form had, as part of its standard language, waived the Rules. She failed to follow the statutory directive to apply the Rules and she failed to specify legitimate reasons why that statutory requirement should not apply in this case. Moreover, the Department has continued to waive the Rules of Evidence despite district court instructions to the contrary. *See Swanson v. North Dakota Department of Transportation,* (Cass County District Court, Civil No. 92-1855, November 18, 1992); *Voltz v. North Dakota Department of Transportation, Dir.,* (Burleigh County District Court, Civil No. 92-C-02018, October 21, 1992).

█ We are concerned about this systemic disregard of law.[2] We have warned that conduct which is "potentially prejudi-

---

1. Notwithstanding the amendment to NDCC 28-32-06(1), Rule 1101(d)(3), NDREvid, remains unchanged. It still says that the Rules of Evidence are inapplicable in "proceedings conducted in accordance with . . . Chapter 28-32, NDCC." The Joint Procedure Committee appears to have last reviewed Rule 1101 in 1980. NDREvid 1101, Source Note, (citing Minutes of Procedure Committee: October 30-31, 1980). We suggest that the committee review the Rule

in light of the recent amendment to NDCC § 28-32-06(1).

2. The present version of Section 28-32-06, NDCC, was signed into law by Governor Sinner on April 8, 1991, and became effective July 1, 1991. *See* 1991 Final Bill Status Report, HB 1194, 52nd Leg. Assembly, p. 54; NDCC § 28-32-06, Note. The face of the Department's Notice of Hearing form, upon which is inscribed "SFN 9343 (Rev. 6-91)," indicates that the form was revised in June 1991. We presume, there-

cial" to the accused, if "commonplace," may warrant reversal. *State v. Steffes,* 500 N.W.2d 608 (N.D.1993). Although counsel informed us at oral argument that the Department has now changed its practice to comport with Section 28–32–06, we conclude that the interests of justice require a reversal, not only to resolve for the Department the statute's meaning and effect, but more importantly, to ensure that the Department acts consistently and predictably in accordance with the law. NDCC § 28–32–19(3); *cf. State v. Salitros,* 499 N.W.2d 815 (Minn.1993) (court may reverse nonprejudicial error prophylactically or in the interests of justice):

fore, that the Department was aware of the Legislature's mandate that an agency not waive application of the Rules of Evidence, unless it specifies why waiver of the Rules is necessary to ascertain the substantial rights of a party to a proceeding before it.

Accordingly, we reverse the district court's judgment affirming the Department's revocation of Madison's driving privileges.

VANDE WALLE, C.J., and MESCHKE, NEUMANN and SANDSTROM, JJ., concur.

To conform to Section 28–32–06, as amended, the Department should devise a new form without a blanket waiver of the Rules of Evidence. In the meantime, the Department should strike the improper language.