Filed 2/3/09 by Clerk of Supreme Court

IN THE SUPREME COURT

STATE OF NORTH DAKOTA

2009 ND 16

Melanie Hendrickson, Appellant

v.

Carol K. Olson, Director 

North Dakota Department 

of Human Services, Appellee

No. 20080164

Appeal from the District Court of Burleigh County, South Central Judicial District, the Honorable Robert O. Wefald, Judge.

AFFIRMED.

Opinion of the Court by Kapsner, Justice.

Edwin W.F. Dyer III, Dyer & Summers, P.C., P.O. Box 2261, Bismarck, N.D. 58502-2261, for appellant.

Jean R. Mullen, Special Assistant Attorney General, 500 North 9th Street, Bismarck, N.D. 58501, for appellee.

Hendrickson v. Olson 

No. 20080164

Kapsner, Justice.

[¶1] Melanie Hendrickson appeals from a district court judgment affirming a decision by the North Dakota Department of Human Services (“Department”) denying her application for Medicaid benefits after the Department found she was not eligible for benefits as an incapacitated parent.  Hendrickson argues she was not afforded a fair administrative hearing and the evidence does not support the Department’s decision.  We hold Hendrickson was afforded a fair hearing, and we affirm.

I

[¶2] Hendrickson was the mother of a child receiving Medicaid benefits, and Hendrickson had gall bladder surgery on April 24, 2007.  On May 3, 2007, Hendrickson informed her doctor, Dr. Colin MacColl, that she was a “self-pay” patient and wanted to return to work as soon as possible.  Dr. MacColl released Hendrickson to return to work, but  restricted her from lifting for four weeks.  Hendrickson’s job with a daycare provider required her to lift children, and her employer was unable to accommodate the doctor’s lifting restriction.  As a result, Hendrickson did not return to work with her employer until May 23, 2007.  

[¶3] Hendrickson applied to Grand Forks County Social Services for Medicaid benefits, claiming she was eligible for benefits as an incapacitated parent of a child receiving benefits under N.D. Admin. Code § 75-02-02.1-15(1), which requires the parent of an eligible child to have a “physical or mental defect . . . of such a debilitating nature as to reduce substantially or eliminate the parent’s capacity either to earn a livelihood or to discharge the parent’s responsibilities as a homemaker and provider of child care for a period of thirty days or more.”  Under N.D. Admin. Code § 75-02-02.1-15(2), “[t]he incapacity must be such that it reduces substantially or eliminates employment in the parent’s usual occupation or another occupation to which the parent may be able to adapt,” and “[t]he fact that a parent may have to change occupation or work location does not establish incapacity or limited employment opportunities for a disabled parent.”  

[¶4] A State Review Team recommended finding that Hendrickson did not meet the criteria for incapacity because she “[w]ould be capable of other than usual and customary work as of the 5/3/07 visit with Dr. Colin MacColl.”  Grand Forks County denied Hendrickson’s application, and she appealed to the Department.  

[¶5] At an administrative hearing before an administrative law judge (“ALJ”), Laura Krause, an eligibility specialist with “HRS-Erase,” appeared with Hendrickson as a non-lawyer patient advocate.   Krause described “HRS-Erase” as “a contracted company [with Altru Health Systems] that assists self-pay patients acquire some type coverage,” and Krause described her role as “assisting [Hendrickson] in her initial application for incapacity.  And then she’s asked me to assist her with this appeal.”  At the hearing, the ALJ allowed Krause to question Hendrickson, and the following colloquy occurred:

MS. KRAUSE:  Okay.  I do have a quick question then.  Ms. Mullen had stated that she would not like me to ask any open-ended questions.  Is that what I’m understanding? 

JUDGE FETCH:  Yes.  You need to ask specific questions rather than [saying] Melanie, tell us about and then have her give a, a narrative.

MS. KRAUSE:  Okay.

JUDGE FETCH:  Okay.

MS. KRAUSE:  Okay.  So, Melanie, do you feel as though following your appointment with Dr. MacColl on May 3rd, that you were able to return to any type of job?

MS. HENDRICKSON:  No, I do not.

MS. KRAUSE:  And the reasoning that you have told me that you were unable to return to any type of job was due to the side effects of your prescribed medications.  Is that what . . .

MS. HENDRICKSON:  Yes.  There were . . .

MS. KRAUSE:  Okay.

MS. HENDRICKSON:  Side effects.

MS. KRAUSE:  Okay.  And at this point in time, you felt as though you would be able to return as the doctor originally stated as of June 1st?

MS. MULLEN:  Your Honor . . . 

JUDGE FETCH:  Yes, I understand.  It’s, it’s, what you’re doing is actually testifying.  Your, the questions are very leading.  You need to, you need to either ask specific questions or, or let Ms. Hendrickson go ahead.

MS. KRAUSE:  I will, I will let her go ahead.

JUDGE FETCH:  Alright.  Ms. Hendrickson?

MS. HENDRICKSON:  Yes.

JUDGE FETCH:  You know, there’s a, there’s a couple of documents that were submitted.  I think the one is already, the progress note from May 3rd.  I need to look to be sure that that may already be there.  But there was another, another document from [your employer]?

MS. HENDRICKSON:  Yes, ma’am.

JUDGE FETCH:  You know, that you may want to address.  But why don’t you go ahead and, and give me your testimony at this time?

Hendrickson thereafter provided narrative testimony about “what [she] was trying to prove,” and she introduced into evidence a letter from her employer, which the ALJ admitted into evidence for “whatever weight” it would receive.  

[¶6] After the administrative hearing, an attorney for “HRS-Erase” wrote the ALJ, claiming Krause “was not allowed to present [Hendrickson’s] case [at the hearing], was prohibited from asking leading questions, and was prohibited from submitting evidence from Ms. Hendrickson’s employer.” The attorney requested a rehearing,  claiming because Krause and Hendrickson had no legal training and were not familiar with the North Dakota Rules of Evidence, the ALJ should have waived application of the rules of evidence under N.D. Admin. Code § 75-01-03-15(6).  The ALJ responded:

I expressly allowed Ms. Krause to present Ms. Hendrickson’s case.  She even began questioning Ms. Hendrickson.  What I did not allow her to do, was ask leading questions because it amounted to her testifying and asking Ms. Hendrickson to agree.  I would not allow anyone, whether an attorney or not, to ask leading questions of their witness.  While I did not specifically waive the rules of evidence, I allowed Ms. Hendrickson considerable latitude in presenting her case because she is not an attorney.  Ms. Krause was given the choice to ask specific questions or have Ms. Hendrickson proceed with her own testimony, but not both.  As the record reflects, Ms. Krause chose to have Ms. Hendrickson present her own case.

In regard to the last point, Ms. Krause sent a letter to me, dated September 18, 2007, with two enclosed documents, the letter from Ms. Hendrickson’s employer and a medical record.  Ms. Krause stated in her letter that “Mrs. Hendrickson would like to present these documents as evidence at the hearing.”  I admitted the letter from Ms. Hendrickson’s employer as an exhibit for Ms. Hendrickson, over objection from counsel for the Department.

Ms. Hendrickson’s request for a rehearing is denied.  However, if she has additional relevant evidence she wishes to introduce, I will consider a request to reopen the hearing for the limited purpose of considering the additional evidence.

[¶7] The ALJ thereafter issued a recommended decision stating that Hendrickson had not sought to reopen the hearing.  The ALJ recommended finding that Hendrickson failed to establish she was an incapacitated parent under N.D. Admin. Code § 75-02-02.1-15 because the medical evidence established “she was capable of going back to work well within the 30-day time period, albeit with restrictions on lifting.”  The Department adopted the ALJ’s recommendation, and the district court affirmed the Department’s decision.

II

[¶8] Our standard of review of the Department’s decision is the same as the standard applied by the district court under N.D.C.C. § 28-32-46.  
Christofferson v. North Dakota Dep’t of Health
, 2007 ND 199, ¶ 7, 742 N.W.2d 799.  We will reverse the Department’s decision only if: 

1. The order is not in accordance with the law.

2. The order is in violation of the constitutional rights of the appellant.

3. The provisions of this chapter have not been complied with in the proceedings before the agency.

4. The rules or procedure of the agency have not afforded the appellant a fair hearing.

5. The findings of fact made by the agency are not supported by a preponderance of the evidence.

6. The conclusions of law and order of the agency are not supported by its findings of fact.

7. The findings of fact made by the agency do not sufficiently address the evidence presented to the agency by the appellant.

8. The conclusions of law and order of the agency do not sufficiently explain the agency’s rationale for not adopting any contrary recommendations by a hearing officer or an administrative law judge.

N.D.C.C. § 28-32-46. On appeal we consider whether the agency’s findings of fact are supported by a preponderance of the evidence, whether the conclusions of law are sustained by the agency’s findings of fact, and whether the agency’s decision is supported by the conclusions of law.  
Ohlson v. North Dakota Dep’t of Human Servs.
, 552 N.W.2d 73, 75 (N.D. 1996).  In determining whether an agency’s findings of fact are supported by a preponderance of the evidence, we do not make independent findings of fact or substitute our judgment for that of the agency; rather, we determine only whether a reasoning mind could have reasonably determined the agency’s factual conclusions were supported by the weight of the evidence.  
Powers Fuels, Inc. v. Elkin
, 283 N.W.2d 214, 220  (N.D. 1979).  Questions of law are fully reviewable on an appeal from an administrative decision.  
Tedford v. Workforce Safety & Ins.
, 2007 ND 142, ¶ 7, 738 N.W.2d 29.  

III

[¶9] Hendrickson argues she was not afforded a fair administrative hearing, because the ALJ waived the rules of evidence for the Department but did not waive the rules of evidence for the presentation of her case by Krause, her non-lawyer advocate.  Hendrickson contends the ALJ did not ascertain whether all the parties and Krause were familiar with the rules of evidence as required by N.D. Admin. Code § 75-01-03-15(6) and the ALJ made no statement on the record about whether the evidence rules were waived.  Hendrickson claims Krause was warned about asking open ended questions, was chided for asking leading questions, and was “intimidated” and “gave up active participation in the hearing.”  Hendrickson asserts the “whole process showed a lack of evenhandedness on the part of the ALJ and a bias in favor” of the Department. 

[¶10] Under N.D.C.C. § 28-32-21(2), the parties to an adjudicative proceeding in an administrative agency “shall be afforded opportunity to present evidence and to examine and cross-examine witnesses under” N.D.C.C. §§ 28-32-24 and 28-32-35.  Section 28-32-35, N.D.C.C., authorizes the person presiding at an administrative hearing to regulate the hearing in conformity with N.D.C.C. ch. 28-32, and any rules adopted under that chapter and to “afford to all parties and other persons allowed to participate the opportunity to respond, present evidence and argument, conduct cross-examination, and submit rebuttal evidence.”

[¶11] The Department’s regulations require a “fair hearing” for an applicant for Medicaid benefits.  N.D. Admin. Code § 75-01-03-03(1).  Under N.D. Admin. Code § 75-01-03-03.1, a person requesting a “fair hearing” shall have an adequate opportunity to: 

1. Examine the contents of the individual’s or household’s case file and all documents and records to be used by the department, county agency, or nursing facility at the hearing, at a reasonable time before the date of the hearing, and during the hearing;

2. Present the case or have it presented by legal counsel or other person;

3. Bring witnesses;

4. Establish all pertinent facts and circumstances;

5. Advance arguments without undue interference; and

6. Question or refute any testimony or evidence, including the opportunity to confront and cross-examine adverse witnesses.

The Department’s regulations define a “fair hearing” as a “hearing that meets the requirements for due process of law imposed under Goldberg v. Kelly, 397 U.S. 254 (1970).”  N.D. Admin. Code § 75-01-03-01(10).

[¶12] In 
Goldberg
, 397 U.S. at 266-71, the United States Supreme Court outlined due process requirements for a pre-termination hearing for welfare benefits: (1) timely and adequate notice; (2) an effective opportunity to defend by confronting adverse witnesses and by orally presenting arguments and evidence; (3) retained counsel, if desired; (4) an impartial decisionmaker; (5) a decision based solely on legal rules and evidence presented at the hearing; and (6) a statement of reasons and evidence relied on for the decision.  
See
 
Mathews v. Eldridge
, 424 U.S. 319, 325 n.4 (1976); 
see
 
also
 
Barnett v. North Dakota Dep’t of Human Servs.
, 551 N.W.2d 557, 559-60 (N.D. 1996).  This Court also has recognized that due process in an administrative proceeding requires notice of the nature of the questions to be heard and an opportunity to prepare and be heard on those questions.  
See
 
Morrell v. North Dakota Dep’t of Transp.
, 1999 ND 140, ¶ 9, 598 N.W.2d 111; 
Estate of Robertson v. Cass County
, 492 N.W.2d 599, 602-03 (N.D. 1992).

[¶13] Section 28-32-24(1), N.D.C.C., deals with the admissibility of evidence in adjudicative proceedings before an administrative agency, and provides:

The admissibility of evidence in any adjudicative proceeding before an administrative agency shall be determined in accordance with the North Dakota Rules of Evidence.  An administrative agency, or any person conducting proceedings for it, may waive application of the North Dakota Rules of Evidence if a waiver is necessary to ascertain the substantial rights of a party to the proceeding, but only relevant evidence shall be admitted.  The waiver must be specifically stated, orally or in writing, either prior to or at a hearing or other proceeding.

[¶14] In 
Madison v. North Dakota Dep’t of Transp.
, 503 N.W.2d 243, 246 (N.D. 1993), this Court said that statutory language explicitly requires the use of the rules of evidence in administrative proceedings and only a particularized waiver may be relied upon to avoid application of the rules of evidence.  Under that statutory language, “the Rules of Evidence are to be the norm in administrative practice, and . . . any deviation from that norm must be carefully considered and explained.”  
Id.
 (footnote omitted).  In 
Madison
, at 246-47, this Court held an agency’s blanket waiver of the rules of evidence in a form for the notice of hearing was contrary to that statutory language.  

[¶15] Here, the Department’s administrative rules, which have not been challenged under 
Madison
, state that the hearing officer shall waive application of the North Dakota Rules of Evidence unless all parties to the proceeding or their representatives are familiar with the rules, and the waiver, if necessary, must be stated prior to or at any hearing.  N.D. Admin. Code § 75-01-03-15(6).  At the administrative hearing for Hendrickson’s claim, there was no waiver of the rules of evidence or statement that all parties or their representatives were familiar with the rules of evidence.  Under N.D.C.C. § 28-32-24(1), the rules of evidence applied to determine the admissibility of evidence at the administrative hearing, including the prohibition of leading questions on direct examination.  
See
 N.D.R.Ev. 611(c).  

[¶16] Hendrickson was provided notice of the issues at the administrative hearing and an opportunity to confront adverse witnesses and present her evidence.  She choose to have a non-lawyer advocate appear with her at the hearing.  The record reflects that neither Krause nor Hendrickson objected to any evidence presented by the Department at the hearing.  The ALJ allowed Krause to present Hendrickson’s evidence, but the ALJ prevented Krause from asking Hendrickson leading questions, because what Krause was “doing [was] actually testifying,” and Krause “need[ed] to either ask specific questions or, or let Ms. Hendrickson go ahead.”  
See
 N.D.R.Ev. 611(c).  Krause let Hendrickson “go ahead,” and Hendrickson then provided  narrative testimony. Hendrickson has not cited any evidence that she was not permitted to introduce at the hearing, and she was allowed  to present narrative testimony about her claimed incapacity without any further objection.  The ALJ also admitted a letter from Hendrickson’s employer, explaining there were no alternative positions that would not involve lifting and delineating the periods of Hendrickson’s absence from work.  This record does not support Hendrickson’s claim that either she or her representative was unduly hindered in presenting her case.  We conclude Hendrickson was afforded a fair hearing, and she has not demonstrated she was prejudiced in any manner by the conduct of the hearing.  
See
 
Morrell
, 1999 ND 140, ¶ 11, 598 N.W.2d 111 (stating a party claiming constitutionally defective notice in administrative proceeding may not be entitled to redress unless party shows prejudice).

IV

[¶17] Hendrickson argues the Department’s decision was not supported by a preponderance of the evidence and did not comply with applicable law.  The Department responds that its decision is supported by a preponderance of the evidence.  

[¶18] The Department is authorized to provide Medicaid benefits for eligible caretaker relatives of a deprived child.  N.D. Admin. Code § 75-02-02.1-05(3)(a).  A “deprived child” is a “child who is deprived of parental support or care because one or both parents are deceased, incapacitated, disabled, aged, or maintains and resides in a separate verified residence for reasons other than employment, education, training, medical care, or uniformed service.”  N.D. Admin. Code § 75-02-02.1-01(8).  Here, the issue is whether Hendrickson was incapacitated, which required her to have a “physical or mental defect, supported by current competent medical testimony, of such a debilitating nature as to reduce substantially or eliminate the parent’s capacity either to earn a livelihood or to discharge the parent’s responsibilities as a homemaker and provider of child care for a period of thirty days or more.”  N.D. Admin. Code § 75-02-02.1-15(1).  “The incapacity must be such that it reduces substantially or eliminates employment in the parent’s usual occupation or another occupation to which the parent may be able to adapt,” and “[t]he fact that a parent may have to change occupation or work location does not establish incapacity or limited employment opportunities for a disabled parent.”  N.D. Admin. Code § 75-

02-02.1-15(2).

[¶19] Hendrickson had gall bladder surgery on April 24, 2007.  On May 3, 2007, Hendrickson informed Dr. MacColl that she wanted to return to work as soon as possible, and Dr. MacColl released Hendrickson to return to work with restrictions from lifting for four weeks.  Hendrickson’s employer was unable to accommodate Dr. MacColl’s lifting restrictions, and as a result, Hendrickson did not return to work with her employer until May 23, 2007.  

[¶20] Under the Department’s regulations, the undisputed medical evidence establishes that Hendrickson’s injury was not of “such a debilitating nature as to reduce substantially or eliminate [her] capacity either to earn a livelihood or to discharge [her] responsibilities as a homemaker and provider of child care for a period of thirty days or more.”  N.D. Admin. Code § 75-02-02.1-15(1).  The undisputed medical evidence also establishes that Hendrickson’s injury was not “such that it reduces substantially or eliminates employment in [her] usual occupation or another occupation to which [she] may be able to adapt.”  
See
 N.D. Admin. Code § 75-02-

02.1-15(2).  Under the Department’s regulations, we conclude a reasoning mind could have reasonably determined that Hendrickson was not incapacitated for 30 days or more.  We therefore conclude the Department’s findings of fact are supported by a preponderance of the evidence and the Department’s decision complies with the applicable regulations.

V

[¶21] We affirm the judgment.

[¶22] Carol Ronning Kapsner

Mary Muehlen Maring

Daniel J. Crothers

Dale V. Sandstrom

Gerald W. VandeWalle, C.J.