[¶ 25] There is also evidence the State had not fully complied with Kirschner's discovery requests at the time of the scheduled January trial, and a referee thereafter compelled the State to provide complete answers to those requests. Those circumstances are not indicative of an adverse affect on Kirschner's clients, and there is evidence his clients had been informed of his predicament. The record also clearly and convincingly reflects Kirschner accepted responsibility for the initial scheduling error, made full disclosure during the disciplinary process, and has been cooperative and remorseful throughout these proceedings, which are mitigating factors under *N.D. Stds. Imposing Lawyer Sanctions 9.32(e) and (l)*.

### IV

2011 ND 9

**In the Matter of T.O.**

**State of North Dakota, Plaintiff and Appellee**

v.

**T.O., Defendant and Appellant.**

**No. 20100270.**

Supreme Court of North Dakota.

Jan. 12, 2011.

Brian David Grosinger, Assistant State's Attorney, Mandan, N.D., for plaintiff and appellee.

Justin Jacob Vinje, Bismarck, N.D., for defendant and appellant.

CROTHERS, Justice.

[¶ 1] T.O. appeals from a district court order finding he remains a sexually dangerous individual and continuing his civil commitment in the care, custody, and control of the executive director of the department of human services. We reverse and remand because the district court did not make sufficient findings to permit effective appellate review.

I

[¶ 2] In 2005, T.O. was civilly committed as a sexually dangerous individual. In February 2010, he filed a petition for discharge to review his status as a sexually dangerous individual. T.O. submitted to psychological examinations by a state expert and an independent expert. The state expert concluded T.O. remained a sexually dangerous individual, while the independent expert concluded T.O. does not meet the statutory definition of a sexually dangerous individual. In August 2010, the district court held a hearing and received evidence, including testimony and reports from both experts. After the hearing, the court issued an order stating:

> "Based on the Court's file, testimony and reports, the Court finds by clear and convincing evidence that the Respondent [T.O.] remains a sexually dangerous individual and shall remain in the care, custody and control of the executive director of the Department of Human Services."

II

[¶ 3] T.O. argues the district court's order does not comply with N.D.R.Civ.P. 52(a) and the order should be reversed without remand under this Court's decision in *Madison v. North Dakota Dep't of Transp.*, 503 N.W.2d 243, 246–47 (N.D. 1993), which authorized reversal of a decision in favor of the government for a "systemic disregard of law." The State argues evidence in the record supports the district court's order and the order for continuing commitment should be summarily affirmed.

[¶ 4] In *In re R.A.S.*, this Court explained what constitutes sufficient findings for civil commitment decisions:

> "Conclusory, general findings do not comply with N.D.R.Civ.P. 52(a), and a finding of fact that merely states a party has failed in [or has sustained] its burden of proof is inadequate under the rule. The court must specifically state the facts upon which its ultimate conclusion is based on. The purpose of the rule is to provide the appellate court with an understanding of the factual issues and the basis of the district court's decision. Because this Court defers to a district court's choice between two permissible views of the evidence and the district court decides issues of credibility, detailed findings are particularly important when there is conflicting or disputed evidence. This Court cannot review a district court's decision when the court does not provide any indication of the evidentiary and theoretical basis for its decision because we are left to speculate what evidence was considered and whether the law was properly applied. The court errs as a matter of law when it does not make the required findings."

2008 ND 185, ¶ 8, 756 N.W.2d 771 (quotation and citations omitted). "Detailed findings, including credibility determina-

tions and references to evidence the court relied on in making its decision, inform the committed individual and this Court of the evidentiary basis for the court's decision." *Id.* at ¶ 9 (citing *In re J.S.*, 2001 ND 10, ¶ 9, 621 N.W.2d 582).

[¶ 5] As in *R.A.S.*, the district court's findings here do not provide the factual basis for the district court's decision that T.O. remains a sexually dangerous individual. The court therefore did not comply with N.D.R.Civ.P. 52(a). We decline T.O.'s request to apply the rationale of *Madison* to this case. We reverse and remand for the sufficient findings of fact based on the record before the district court.

III

[¶ 6] We reverse the district court order and remand to the court for the preparation of sufficient findings of fact on the record made at the August 2010 hearing.

[¶ 7] GERALD W. VANDE WALLE, C.J., MARY MUEHLEN MARING, CAROL RONNING KAPSNER, and DALE V. SANDSTROM, JJ., concur.