FILED
IN THE OFFICE OF THE
CLERK OF SUPREME COURT
MAY 9, 2023
STATE OF NORTH DAKOTA

# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

## 2023 ND 89

State of North Dakota,                           Plaintiff and Appellee

v.

Matthew Howard Walsh,                      Defendant and Appellant

## No. 20220327

Appeal from the District Court of Nelson County, Northeast Central Judicial District, the Honorable Lolita G. Hartl Romanick, Judge.

AFFIRMED.

Opinion of the Court by Crothers, Justice.

Jayme J. Tenneson, State's Attorney, Lakota, ND, for plaintiff and appellee.

Benjamin C. Pulkrabek, Mandan, ND, for defendant and appellant.

## State v. Walsh
## No. 20220327

**Crothers, Justice.**

[¶1] Matthew Walsh appeals from an amended criminal judgment entered against him. Walsh argues the district court did not follow N.D.R.Crim.P. 11(b)(1) and advise him of its authority to order restitution. We affirm.

I

[¶2] On January 7, 2021, Walsh was charged with theft of property. At a hearing on April 8, 2022, Walsh pleaded guilty and restitution was reserved. On July 29, 2022, a restitution hearing was held. On September 11, 2022, the parties filed an agreement stating Walsh owed $3,000 in restitution. The court ordered Walsh to pay $3,000 in restitution and amended the criminal judgment to reflect the amount owed. On November 7, 2022, Walsh appealed the amended criminal judgment.

II

[¶3] Walsh argues the district court did not follow N.D.R.Crim.P. 11(b)(1) and advise him of the court's authority to award restitution before he gave his guilty plea.

[¶4] Under N.D.R.Crim.P. 11(b)(1), the court must inform a defendant of his rights and the charges against him. Rule 11(b)(1) states:

> "(1) The court may not accept a plea of guilty without first, by addressing the defendant personally except as provided in Rule 43(b) in open court, informing the defendant of and determining that the defendant understands the following:
> 
> (A) the right to plead not guilty, or having already so pleaded, to persist in that plea;
> (B) the right to a jury trial;
> (C) the right to be represented by counsel at trial and at every other stage of the proceeding and, if necessary, the right to have the counsel provided under Rule 44;

(D) the right at trial to confront and cross-examine adverse witnesses, to be protected from compelled self-incrimination, to testify and present evidence, and to compel the attendance of witnesses;

(E) the defendant's waiver of these trial rights if the court accepts a plea of guilty;

(F) the nature of each charge to which the defendant is pleading;

(G) any maximum possible penalty, including imprisonment, fine, and mandatory fee;

(H) any mandatory minimum penalty;

(I) the court's authority to order restitution; and

(J) that, if convicted, a defendant who is not a United States citizen may be removed from the United States, denied citizenship, and denied admission to the United States in the future."

[¶5] "Before accepting a guilty plea, the trial court must advise the defendant of certain rights under N.D.R.Crim.P. 11." *State v. Vandehoven*, 2009 ND 16, ¶ 22, 722 N.W.2d 603. "The advice required to be given by Rule 11 is mandatory and binding on the court." *Id.* "Although Rule 11 does not require any ritualistic, predetermined formality by the trial court, the court must substantially comply with the procedural requirements of the rule to ensure the defendant is entering a voluntary plea of guilty." *Id.* Whether the court properly complied with N.D.R.Crim.P. 11 is a question of law, which this Court reviews under the de novo standard of review. *State v. Dunn*, 2023 ND 24, ¶ 4, 985 N.W.2d 644. The guilty plea will be affirmed if the record shows the court complied with N.D.R.Crim.P. 11. *State v. McKay*, 243 N.W.2d 853, 855 (N.D. 1975).

[¶6] The record shows the district court told Walsh about potential restitution before he pleaded guilty.

"The Court: All aright. Mr. Walsh, in case 32-2021-CR-02, that is the theft of property, C felony charge that carries maximum penalties of 5 years, $525 in court fees, $1,000 in—or excuse me, $10,000 in fines potentially as maximum penalties, and then restitution."

2

Shortly after this statement by the court, Walsh pleaded guilty to the theft of property. Later during the same hearing the court brought up restitution several more times:

> "The Court: I will waive any fines because of the significant restitution that is at issue. In case 32-2021-CR-02 you are assessed $525 in court fees. I think there is a responsibility to the community, and you need to take that responsibility even though restitution is being imposed as well. I do order restitution, but you have a responsibility to the community and your victim. So both of those will be imposed in 2021-CR-02. Restitution will remain open—did you say 60 days, Mr. Tenneson?
>
> Mr. Tenneson: Yes, Your Honor.
>
> The Court: — for 60 days. What that means, Mr. Walsh, is there will be another hearing if you disagree with the amounts that are claimed for restitution . . . . Here's what I am going to do. I am going to set a minimum payment plan $50 starting 60 days from your release. You need to understand that payments go first to pay off that restitution . . . . And the Court isn't going to see any of that money on the fees until you get that restitution paid off."

[¶7] Compliance with N.D.R.Crim.P. 11 does not require ritualistic or predetermined formality by the district court. The court only must inform the defendant of the rights provided by the rule. Before Walsh pleaded guilty, the court stated he may owe restitution. Therefore, the court complied with Rule 11.

### III

[¶8] The district court complied with N.D.R.Crim.P. 11. The amended criminal judgment is affirmed.

[¶9]  Jon J. Jensen, C.J.
Daniel J. Crothers
Lisa Fair McEvers
Jerod E. Tufte
Douglas A. Bahr

3